**Raymond F. CONNELL, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 90–SC–065–KB.**

Supreme Court of Kentucky.

June 28, 1990.

Richard M. Compton, Georgetown, for movant.

Scott D. Majors, Assistant Bar Counsel, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

Movant Raymond F. Connell has filed a motion to resign from the practice of law for a period of thirty (30) days and requested this Court to accept his resignation as a resolution of the disciplinary proceeding against him before the Kentucky Bar Association. The Association has responded that it has no objection to movant's motion.

Movant was charged by the Association with neglect of a legal matter entrusted to him by failing to timely file numerous required documents in his handling of an estate. He admitted the following delays and omissions: failure for seven years to file an inventory and settlement with the Bourbon District Court despite five court-ordered extensions of time in which to file, and failure to file periodic accountings. Movant also failed to file the Kentucky inheritance tax return until more than two years after the death of the decedent and the Federal estate tax return was filed more than five years after the death, resulting in substantial delinquency assessments.

While the loss of one's right to practice law is a harsh penalty and would be inappropriate for minor omissions or occasional delay, here movant engaged in a long-term pattern of neglectful conduct, disregarded admonitions, and failed generally to observe minimum standards of professionalism. His behavior warrants the sanction which he and the Bar Association have agreed upon.

Therefore, it is ordered that Raymond F. Connell's motion to resign from the Ken-

tucky Bar Association is granted. It is further ordered that:

1. Movant shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky, as defined by SCR 3.020, until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of thirty (30) days beginning on the date of this Order.

3. Any application for reinstatement filed by movant shall be governed by SCR 3.510, reinstatement in case of disciplinary suspension, or any subsequent amendment to SCR 3.510.

4. All disciplinary proceedings pending against movant shall be terminated and the cost thereof shall be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

COMBS, LAMBERT, LEIBSON, and WINTERSHEIMER, JJ. concur.

VANCE, J., dissents by separate opinion in which STEPHENS, C.J., and GANT, J., join.

ENTERED: June 28, 1990.

/s/Robert F. Stephens
Chief Justice

VANCE, Justice, dissenting.

The movant is charged by the Kentucky Bar Association with neglect of a legal matter entrusted to him by failing to file numerous documents in a timely fashion necessary to the administration of an estate. His neglect resulted in an assessment of tax penalties against the estate.

He has admitted that he failed to timely file documents, has repaid the estate a portion of the penalties assessed against it, and has executed a note for $10,000.00 to the estate. The note has not been paid.

Movant's offer to resign from the Kentucky Bar Association for 30 days will allow him to file for reinstatement after the 30–day suspension regardless of whether he has fully reimbursed the estate for loss caused by his neglect. I would not accept

movant's offer to resign until he has fully made restitution for the damage caused to his client by his neglect of the matters entrusted to him.

STEPHENS, C.J., and GANT, J., join in this dissenting opinion.